UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>                Plaintiff,<br><br>      v.<br><br>POINT RUSTON LLC et al.,<br><br>                Defendants. | Case No. C20-5539RSL<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the Court on defendants' "Rule 12(h)(3) Motion to Dismiss Case for Lack of Subject Matter Jurisdiction" (Dkt. # 28). The Court has reviewed the parties' submissions and the relevant record.[1]

### I.     BACKGROUND

Plaintiff Starr Indemnity & Liability Company filed this action for declaratory relief against defendants,[2] seeking a judicial declaration that plaintiff has no duty to defend or

---

[1] The Court finds this matter suitable for disposition without oral argument.

[2] At the time the instant motion to dismiss was filed, another defendant was listed in this matter, JLW Point Ruston Investments, LLC. This entity has since been dismissed, Dkt. # 51, and the Court uses the term "defendants" to refer to all of the remaining defendants: Point Ruston, LLC; Michael Cohen; Julie McBride; Loren Cohen; Holland Cohen; MC Ruston LLC; M&J Real Estate Investment, LLC; McBride Cohen Management Group, LLC; Abernethy Road Group, LLC; McBride-Cohen Construction Payroll Services, LLC; Century Tacoma Building, LLC; Century Condominiums, LLC; Point Ruston Theatre, LLC; Point Ruston Phase II, LLC; Point Ruston Phase III, LLC; and PR Retail, LLC.

ORDER ON MOTION TO DISMISS - 1

indemnify defendants with respect to claims asserted in the action titled <u>Thomsen Ruston, LLC, et al. v. Point Ruston, LLC, et al.</u>, Case No. 20-2-05437-8, currently pending in the Superior Court for Pierce County, Washington. Dkt. # 1 ¶ 1. After defendants' counsel sent plaintiff's counsel a letter requesting that plaintiff file an amended complaint alleging "all the facts necessary to establish diversity jurisdiction," Dkt. # 29-1 at 4, plaintiff filed its Amended Complaint on July 13, 2020. Dkt. # 23. The Amended Complaint did not satisfy defendants, and they filed a motion to dismiss on July 27, 2020, alleging that plaintiff's jurisdictional allegations failed to establish diversity jurisdiction. Dkt. # 28. The same day that defendants filed their motion, they filed a corporate disclosure statement, Dkt. # 30, which they amended approximately one week later. Dkt. # 32. The amended corporate disclosure statement identifies the "owners, partners, or members" of the defendant LLCs, and where an LLC entity itself has an "owner, partner, or member," defendants identify those sub-"owners, partners, or members." Dkt. # 32.

## II.   DISCUSSION

Plaintiffs filed the above-captioned matter in federal court alleging that the Court has jurisdiction based on the diversity of citizenship of the parties. See 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States"). "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1181 (9th Cir. 2004) (internal citation omitted). In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the "owners/members." See <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

Defendants claim that they are making a "facial and factual attack on jurisdiction," such that plaintiff has the burden to produce admissible evidence to support contested factual allegations. Dkt. # 41 at 5. Defendants argue that plaintiff has not satisfied its burden because

ORDER ON MOTION TO DISMISS - 2

plaintiff has not pled or proved the citizenship of all the necessary owners/members (and sub-owners/members) of defendant LLCs. Dkt. # 41 at 6–8. Defendants also take issue with plaintiff basing many of its allegations on "information and belief." Dkt. # 28 at 4. Plaintiff responds that defendants' attack is facial—not factual—and thereby, plaintiff does not have the burden of *proving* diversity. Dkt. # 36 at 7–9. Plaintiff further contends that its existing jurisdictional allegations are sufficient to plead diversity here. Dkt. # 36 at 5–7. The Court first addresses the nature of the challenge at issue and then the sufficiency of plaintiff's jurisdictional allegations.

**A.  FACIAL OR FACTUAL CHALLENGE**

"[T]he sufficiency of the pleadings to establish subject matter jurisdiction is determined by whether the movant brings a facial or factual challenge." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613 (9th Cir. 2016). The parties both cite NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016) for their positions regarding the type of challenge defendants are mounting here. Dkts. # 28 at 2, # 36 at 7–9, # 41 at 4–5. In NewGen, the Ninth Circuit explained the difference between facial and factual challenges as follows:

> "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). By contrast, a factual attack "contests the *truth* of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Id. (emphasis added); accord Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Only upon a factual attack does a plaintiff have an affirmative obligation to support jurisdictional allegations with proof. Leite, 749 F.3d at 1121. In contrast, a facial attack is easily remedied by leave to amend jurisdictional allegations pursuant to 28 U.S.C. § 1653.

Id. at 614. The defendant in NewGen did not present evidence regarding citizenship and merely "reasserted at multiple junctures that it had doubts about the citizenship of its own officers (although it did not even hint they were from [a state that would destroy diversity]," nor did the defendant ask for discovery to clarify the issue. Id.

In defendants' motion in the above-captioned matter, they claim in a footnote that "AU Ruston, LLC is one of the 'owners, partners, or members' of Point Ruston Phase II, LLC." Dkt. # 28 at 5 n.1. Defendants' amended corporate disclosure statement alleges that defendant Point

ORDER ON MOTION TO DISMISS - 3

Ruston Phase II, LLC has two "owners, partners, or members": (1) Point Ruston, LLC and (2) AU Ruston, LLC. Dkt. # 32 ¶ B.5. The amended corporate disclosure statement further alleges that Point Ruston, LLC and AU Ruston, LLC each have their own "owners, partners, or members," as follows:[3]

> (1) Point Ruston, LLC has three owners, partners, or members: (a) MC Ruston, LLC; (b) Thomsen Ruston, LLC; and (c) **Environmental Assets – Point Ruston, LLC**. Dkt. # 32 ¶ B.1.
> (2) **AU Ruston, LLC** has two owners, partners, or members:[4] (a) American United Management, LLC ("AUM"); (b) American United Development Group, LLC ("AUDG"); and (c) "possibly other companies and individuals, of national and international domicile." Dkt. # 32 ¶ B.5.

In defendants' reply, they more specifically argue not only that the citizenship of AU Ruston, LLC is necessary, but that the citizenship of Environmental Assets – Point Ruston, LLC is also necessary. Dkt. # 41 at 6–7. Neither of these entities' citizenship is addressed in the Amended Complaint. See Dkt. # 23. With defendants' reply, they submitted a copy of an agreement titled "First Amended and Restated Limited Liability Agreement of Point Ruston Phase II, LLC" ("Limited Liability Agreement"). Dkt. # 42-1. Defendants cite this Limited Liability Agreement as evidence that "AU Ruston, LLC is an owner of Point Ruston Phase II, LLC." Dkt. # 41 at 7. Defendants do not cite any evidence regarding Environmental Assets – Point Ruston, LLC being an owner, partner, or member of Point Ruston, LLC.

Given that defendants did not supply any extrinsic evidence regarding AU Ruston, LLC's alleged status as an "owner" of Point Ruston Phase II, LLC until their reply,[5] and that

---

[3] Many of the entity names that follow may appear similar as they contain "Ruston," or "Point Ruston," but despite their derivative naming, they are distinct entities. To assist readers with identifying the key entities at issue for purposes of evaluating defendants' motion, the Court has bolded the two significant entities once to highlight their positions in this tangled web of LLCs.

[4] Notably, defendants' statement regarding AU Ruston's "owners, partners, or members" was made "[o]n information and belief." Dkt. # 32 ¶ 5.

[5] Additionally, defendants offered no evidence that AU Ruston, LLC's citizenship would have destroyed complete diversity. Rather defendants vaguely asserted that the owners/members of AU

ORDER ON MOTION TO DISMISS - 4

defendants never provided any extrinsic evidence regarding Environmental Assets – Point Ruston, LLC, defendants' motion did not operate as a factual challenge to which plaintiff could effectively respond. Defendants' motion served merely as a facial challenge. Therefore, plaintiff had no obligation to support its jurisdictional allegations with proof in its response to defendants' motion. Nevertheless, given that subject matter jurisdiction concerns the very authority of the Court to hear this case, the Court will briefly address the significance of the evidence defendants belatedly supplied regarding AU Ruston, LLC, as well as defendants' general doubts regarding the citizenship of AU Ruston, LLC and Environmental Assets – Point Ruston, LLC.

### 1. AU Ruston, LLC

As an initial matter, the Limited Liability Agreement appears to be missing the signature of the AU Ruston, LLC signatory, "Jim Li, Manger [sic]." Dkt. # 42-1 at 35. Even assuming, *arguendo*, that the Limited Liability Agreement is legally effective, it describes AU Ruston, LLC as "joining as a Profit Interest Holder," not as a member of Point Ruston Phase II, LLC. See, e.g., Dkt. # 42-1 at 2, 35–36. The Supreme Court has held that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). In Americold Realty Trust v. ConAgra Foods, Inc., 577 U.S. 378, 381 (2016), the Supreme Court stated that the "members" of an unincorporated entity are its "owners" or the "several persons composing such association." Courts are to apply this "members" principle with reference to specific states' laws. Id. For example, the Supreme Court looked to a Maryland statute defining a "real estate investment trust" as an "unincorporated business trust or association" in which property is held and managed "for the benefit and profit of any person who may become a shareholder." Id. at 382. In analyzing the question of who

---

Ruston, LLC "appear to include" AUM, AUDG, "and possibly other companies and individuals of national and international domicile." Dkt. # 41 at 7.

ORDER ON MOTION TO DISMISS - 5

counted as "members" of this Maryland real estate investment trust, the Supreme Court reasoned as follows:

> As with joint-stock companies or partnerships, shareholders have "ownership interests" and votes in the trust by virtue of their "shares of beneficial interest." §§ 8–704(b)(5), 8–101(d). These shareholders appear to be in the same position as the shareholders of a joint-stock company or the partners of a limited partnership—both of whom we viewed as members of their relevant entities. See Carden, 494 U.S., at 192–196, 110 S. Ct. 1015; see also § 8–705(a) (linking the term "beneficial interests" with "membership interests" and "partnership interests"). We therefore conclude that for purposes of diversity jurisdiction, Americold's members include its shareholders.

Id. Unlike Maryland law governing real estate investment trusts, the relevant state laws governing LLCs in this matter do not suggest that a role for persons with mere "ownership interests" is relevant to evaluating LLC composition.

Most of the LLC defendants are alleged to be Washington LLCs, Dkt. # 23 ¶¶ 2–18, and one LLC defendant is alleged to be a Delaware LLC. Dkt. # 23 ¶ 17. According to Washington law, an LLC is a "limited liability company having one or more members or transferees that is formed under this chapter." RCW 25.15.006(6) (2020). Similarly, Delaware law provides that an LLC is a "limited liability company formed under the laws of the State of Delaware and having 1 or more members." Del. Code Ann. tit. 6, § 18-101(8) (2020). Both states define a "member" of an LLC as a person who has been "admitted to [an LLC] as a member as provided" in the respective state laws governing admittance of members. RCW 25.15.006(10) (2020); Del. Code Ann. tit. 6, § 18-101(13) (2020). For persons acquiring an LLC interest after the formation of the LLC and admission of the initial member/members of an LLC, admittance as a member occurs at the time provided in the LLC agreement. RCW 25.15.116(2)(a) (2020); Del. Code Ann. tit. 6, § 18-301(a)(2) (2020). In Washington, if the LLC agreement "does not so provide or does not exist," admittance occurs "upon the consent of all members and when the person's admission is reflected in the records of" the LLC. RCW 25.15.116(2)(a) (2020). In Delaware, if the LLC agreement "does not so provide," then admittance occurs "when the person's admission is

ORDER ON MOTION TO DISMISS - 6

reflected in the records of" the LLC. Del. Code Ann. tit. 6, § 18-301(a)(2) (2020). These laws governing LLCs do not indicate that any person other than a "member" composes an LLC.

      The Ninth Circuit has "join[ed] [its] sister circuits" in holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Johnson, 437 F.3d at 899. Although the Ninth Circuit referred to "*owners*/members" in Johnson, none of the sister circuits the Ninth Circuit cited referred to LLC citizenship as being determined by "owners"; they referred to citizenship as being based on LLC "members." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Additionally, in the Johnson parties' briefs before the Ninth Circuit, they agreed that citizenship of LLCs should be determined by the citizenship of the LLCs' "members." See Appellant's Opening Br. at 17, 2004 WL 3080812, Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894 (9th Cir. 2006); Combined Br. of Appellee and Cross-Appellant Columbia Props. Anchorage, LLP at 36–37, 2005 WL 516660, Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894 (9th Cir. 2006). While appellees cited evidence regarding the "ownership structure," ownership was not treated as being a distinct basis for determining citizenship, it was merely cited during appellees' discussion of membership. Combined Br. of Appellee and Cross-Appellant Columbia Props. Anchorage, LLP, at 37–39, 2005 WL 516660, Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894 (9th Cir. 2006).

      Considering the verbiage of our sister circuits, which the Ninth Circuit relied upon in Johnson, and the Johnson parties' agreement that LLC citizenship was driven by citizenship of an LLCs' members, the Court finds it unlikely that the Ninth Circuit's reference to "owners/members" was intended to expand the bases for evaluating citizenship of an LLC to non-member entities with only an economic interest. Moreover, the relevant state laws governing LLCs do not suggest that a non-member entity owning an economic interest should be understood to compose the LLC. Cf. Americold, 577 U.S. at 381 (applying the membership

ORDER ON MOTION TO DISMISS - 7

"principle with reference to specific States' laws"). Thus, this Court concludes that "it is membership, not ownership, that is critical for determining the citizenship of an LLC." Polk v. Gen. Motors LLC, No. 3:20-CV-549-J-34JRK, 2020 WL 3036293, at *1 (M.D. Fla. June 5, 2020) (collecting cases).

To the extent that AU Ruston, LLC is a "Profit Interest Holder," then, per the terms of the Limited Liability Agreement, that means that AU Ruston, LLC is "the owner of an Economic Interest who is *not a Member*." Dkt. # 42-1 at 9 (emphasis added). Therefore, AU Ruston, LLC's citizenship need not be pled because it is not determinative of Point Ruston Phase II, LLC's citizenship.

### 2. Environmental Assets – Point, Ruston, LLC

As stated above, defendant submitted no evidence indicating that Environmental Assets – Point Ruston, LLC was a member of Point Ruston, LLC. The Court takes judicial notice of the existence of the website of the Washington Secretary of State as well as that website's displayed language, which are facts "not subject to reasonable dispute." Fed. R. Evid. 201(b); see also L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of the results of record searches from the Secretary of State for the State of California's corporate search website). During the relevant time period, the reported "governors" of Point Ruston, LLC were Michael Cohen, MC Ruston, LLC, and Thomsen Ruston, LLC. See Amended Annual Report (Sept. 8, 2020), https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessFilings; Annual Report (Jan. 31, 2020), https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessFilings. In Washington, the term "governors" refers to both members and managers. RCW 23.95.105(12) (2020). In other words, Environmental Assets – Point Ruston, LLC was not reported as a member of Point Ruston, LLC.

Assuming, *arguendo*, that Environmental Assets – Point Ruston, LLC's citizenship is relevant, it appears that plaintiff has already pled diversity jurisdiction. The reported legal status in Washinton of Environmental Assets – Point Ruston, LLC, during the relevant time period, is that it had two "governors": Rodney Brown Jr. and Cascadia Law Group PLLC. See Express Annual Report with Changes (Nov. 9, 2020), https://ccfs.sos.wa.gov/#/BusinessSearch/

ORDER ON MOTION TO DISMISS - 8

BusinessFilings; Express Annual Report with Changes (Dec. 11, 2019), https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessFilings. Plaintiff's Amended Complaint pled Cascadia Law Group PLLC's members' citizenship (Washington), including the citizenship of Rodney Brown Jr. (Washington).[6] Dkt. # 23 ¶ 3.

**B.   SUFFICIENCY OF JURISDICTIONAL ALLEGATIONS**

Defendants contend that plaintiff's allegations of citizenship based solely on "information and belief" are insufficient to establish diversity jurisdiction. Dkt. # 28 at 4. Plaintiff responds that it adequately pled defendants' citizenship on information and belief. Dkt. # 36 at 2. Precedent better supports plaintiff's position.

In Carolina Casualty Insurance Co. v. Team Equipment, Inc., 741 F.3d 1082, 1088 (9th Cir. 2014), the Ninth Circuit held that "when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." The plaintiff in Carolina had not alleged the citizenship of members of defendant LLCs, and the district court dismissed the complaint, even after the plaintiff advised the district court that the organizational filings of the LLC did not list their members. Id. at 1085–86. The Ninth Circuit determined that the plaintiff had "made a showing that at least some of the information necessary to establish the diversity of the parties' citizenship was within the defendants' control," and the Ninth Circuit held that the plaintiff "should have been permitted to plead its allegations on the basis of information and belief." Id. at 1087.

In the instant case, plaintiff's Amended Complaint affirmatively alleges the citizenship of every member of every defendant LLC it identified based on the information that was reasonably available to it, which it collected using a variety of methods. Plaintiff offered

---

[6] Plaintiff presumably pled the citizenship of Cascadia Law Group PLLC because defendants' original corporate disclosure statement identified this entity as an "owner, partner, or member" of Point Ruston, LLC, Dkt. # 30 ¶ B.1, before defendants amended the corporate disclosure statement to replace Cascadia Law Group PLLC with Environmental Assets – Point Ruston LLC. Dkt. # 32 ¶ B.1; Dkt. # 41 at 7.

ORDER ON MOTION TO DISMISS - 9

evidence in the form of a declaration by one of its attorneys that searches were performed on the Washington Secretary of State Website to identify the citizenship of business entities, and that searches were performed on white.pages.com, various county assessor websites, and "via the Cozen O'Connor library which utilizes the TLO search engine." Dkt. # 37 ¶ 2. Plaintiff also submitted materials documenting the results of these searches. See generally Dkt. # 37-1.

The mere fact that plaintiff's allegations were based on "information and belief," does not make them insufficient here.[7] See Carolina Casualty Insurance Co., 741 F.3d at 1087 (referring with approval to other circuit courts that had already adopted the "sensible principle that, at this early stage in the proceedings, a party should not be required to plead jurisdiction affirmatively based on actual knowledge")[8]; Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1226–28 (9th

---

[7] Defendants cite two inapposite Ninth Circuit cases for their position that plaintiff's allegations based on "information and belief" cannot effectively support diversity jurisdiction here. Both cases involved the amount-in-controversy requirement for diversity jurisdiction in the removal context; they did not address the requirement concerning diversity of the parties, let alone the challenge of alleging LLC citizenship. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (where it was not facially evident from the complaint that more than $75,000 was in controversy, the removing defendant should have proven by a preponderance of the evidence that the amount in controversy met the jurisdictional threshold, and defendant's statement in its removal petition that, on information and belief, the amount in controversy exceeded $75,000, was insufficient); Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (where it was unclear what amount of damages plaintiff was seeking, the removing defendant had the burden of proving facts to support the jurisdictional amount, and defendant's statement in its removal petition that the matter exceeded the jurisdictional amount did not overcome the strong presumption against removal jurisdiction or removing defendant's burden).

[8] Defendants assert that in Carolina, the Ninth Circuit "noted that it was proper to dismiss the complaint 'after the plaintiff had served its complaint, the defendant had answered, and the parties had been specifically reminded of the need to establish diversity of citizenship.'" Dkt. # 41 at 4. Defendants contend that they reminded plaintiff of the need to establish diversity of citizenship here, they effectively challenged plaintiff's ability to do so, and that the Court should dismiss the Amended Complaint accordingly. There are a few issues with defendants' argument. The Ninth Circuit's observation was not about the complaint in Carolina; the Ninth Circuit was summarizing the Seventh Circuit's approach in America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992). In contrast to the complaints at issue in America's Best Inns, Inc. and Carolina, the Amended Complaint in the instant case identified the citizenship of every member of every defendant LLC, and the respective sub-members, based on the information that was reasonably available to it. See Dkts. # 23 ¶¶ 2–18, # 36 at 2, # 37, # 37-1. And as discussed above, defendants have not put forward a material factual challenge to plaintiff's jurisdictional allegations. See NewGen, LLC, 840 F.3d at 615 (explaining that a defendant's "agnosticism is insufficient to avoid jurisdiction"). Additionally, the reminders the Ninth Circuit was invoking from America's Best Inns, Inc. amounted to more than a reminder letter from an opposing

ORDER ON MOTION TO DISMISS - 10

Cir. 2019) (citing Carolina for the principle that allegations of citizenship may be based solely on information and belief), cert. denied, 140 S. Ct. 2566 (2020); Medical Assurance Co. v. Hellman, 610 F.3d 371, 376 (7th Cir. 2010) (permitting a plaintiff to plead on information and belief where plaintiff alleged a particular citizenship of each defendant, where the defendants' pursued relief under a particular state's malpractice system, and where the defendants "who are in the best position to furnish evidence of their citizenship—[had] declined the opportunity to challenge the factual basis" of plaintiff's allegations); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 110–11 (3d Cir. 2015) (holding that where a plaintiff alleged complete diversity in good faith, upon information and belief, and provided the court with the documents it consulted, that this was enough to survive a facial attack). Given that plaintiff made and documented efforts to allege the particular citizenship of each defendant with the information reasonably at its disposal, and that defendants have not proffered any material evidence contradicting plaintiff's allegations,[9] the Court finds that it would be inappropriate to dismiss the Amended Complaint for failure to plead diversity jurisdiction. Therefore, defendants' motion to dismiss (Dkt. # 28) is DENIED.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. # 28) is DENIED.

DATED this 5th day of August, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

party. See America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992). ("These litigants have had chance after chance to establish diversity of citizenship—the complaint, the answer, the jurisdictional statements in their appellate briefs, and finally the memoranda and filings under § 1653 called for at oral argument."). The Court finds defendants' argument unpersuasive.

[9] As discussed above, defendants offered evidence with their reply purporting to demonstrate that AU Ruston, LLC had an economic interest in Point Ruston Phase II, LLC such that its citizenship had to be pled. Because a mere economic interest falls short of actual membership in Point Ruston Phase II, LLC, the evidence is not material to determining diversity jurisdiction. See supra Part II.A.1.

ORDER ON MOTION TO DISMISS - 11