UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>POINT RUSTON LLC et al.,<br><br>    Defendants. | Case No. C20-5539RSL<br><br>ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on (1) plaintiff's "Motion for Summary Judgment" (Dkt. # 43), and (2) defendants' "Motion for Partial Summary Judgment" (Dkt. # 48). The Court, having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] finds as follows:

## II. BACKGROUND

The parties do not dispute the key facts. See Dkt. # 53 at 4 (defendants incorporating plaintiff's "Factual Background" section in their opposition). Plaintiff Starr Indemnity & Liability Company ("Starr") filed this action for declaratory relief against defendants,[2] seeking a

---

[1] The Court finds this matter suitable for disposition without oral argument.

[2] At the time the parties' motions were filed, another defendant was listed in this matter, JLW Point Ruston Investments, LLC. This entity has since been dismissed, Dkt. # 51, and the Court uses the term "defendants" to refer to all of the remaining defendants: Point Ruston, LLC; Michael Cohen; Julie McBride; Loren Cohen; Holland Cohen; MC Ruston LLC; M&J Real Estate Investment, LLC; McBride Cohen Management Group, LLC; Abernethy Road Group, LLC; McBride-Cohen Construction Payroll

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 1

judicial declaration that Starr has no duty to defend or indemnify defendants with respect to claims asserted in the action titled Thomsen Ruston, LLC, et al. v. Point Ruston, LLC, et al., Case No. 20-2-05437-8 (the "underlying action"), currently pending in the Superior Court for Pierce County, Washington. Dkt. # 1 ¶ 1.

**A.   Starr's Policies**

Starr issued the following insurance policies to MC Construction Consultants, Inc.: Policy No. 1000057881191 (which incepted on January 31, 2019 and expired on January 1, 2020),[3] Dkt. # 44 at 159; Policy No. 1000057881201 (which incepted on February 28, 2020 and expired on February 28, 2021) (collectively, "Starr's Policies"). Id. at 211. The underlying action was filed on March 11, 2020. Id. at 46.

**B.   The Underlying Action**

Thomsen Ruston, LLC ("TRL") and Jess Thomsen, Inc. ("JTI") (collectively "the underlying plaintiffs") initiated the underlying action against several parties, including all of the defendants in the instant action. Dkts. # 44 at 8, # 57 at 5, # 1 at 1.[4] The underlying action concerns the alleged mismanagement of entities involved in the "Point Ruston Project" (the "Project"), a 90 acre housing commercial development near Tacoma, Washington, in which the underlying plaintiffs invested. Dkts. # 44 at 10–14, # 57 at 7–11 (¶¶ 2.1–2.15).

This paragraph summarizes relevant allegations that were made in the Second Amended Complaint in the underlying action (the "underlying complaint"). JTI's principals are family members of Jess Thomsen, the founder of JTI. Dkts. # 44 at 10–11, # 57 at 7–8 (¶ 2.1). Jess

---

Services, LLC; Century Tacoma Building, LLC; Century Condominiums, LLC; Point Ruston Theatre, LLC; Point Ruston Phase II, LLC; Point Ruston Phase III, LLC; and PR Retail, LLC.

[3] Defendants' motion for partial summary judgment states that the first policy expired on February 28, 2020. Dkt. # 48 at 4. Starr's complaint states the same, Dkt. # 1 at 5–6, ¶ 35, as does its correspondence regarding acknowledgment of the underlying action, Dkt. # 44 at 151.

[4] Starr informed the Court with its reply that it mistakenly filed the proposed version of the underlying complaint with its motion, rather than the final version. Dkt. # 56 at 3 n.2. The Court cites both the proposed version (Dkt. # 44 at 8–40) and the final version (Dkt. # 57 at 5–37) in this Order, and they are substantively identical.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 2

Thomsen's son, Ken Thomsen, is JTI's President. Id. The Thomsen family invested in the Project through TRL, and the family loaned money for the Project through TRL and JTI. Dkts. # 44 at 11, # 57 at 8 (¶ 2.6). Defendant Michael Cohen served as the Project's primary developer and the manager of Point Ruston, LLC. Dkts. # 44 at 11–12, # 57 at 8–9 (¶¶ 2.2–2.4, 2.8). Point Ruston, LLC has two members: defendant MC Ruston, LLC and underlying plaintiff TRL.[5] Dkts. # 44 at 15, # 57 at 11–12 (¶¶ 4.4–4.5). Michael Cohen, and his son, Loren Cohen, mismanaged Point Ruston, LLC and its affiliates, resulting in those affiliates becoming "deeply in debt." Dkts. # 44 at 11–13, # 57 at 8–10 (¶¶ 2.7–2.13).

The underlying complaint asserts causes of action for: (1) judgment on TRL's loans against Point Ruston, LLC; (2) foreclosure on deeds of trust associated with the loans; (3) an accounting of entities affiliated with the Project; (4) fraudulent transfer and/or successor liability against Loren Cohen, as trustee of the LMC Family Trust; (5) breach of fiduciary duty against Michael and Loren Cohen as managers of Point Ruston, LLC (and other defendant entities); (6) breach of the covenant of good faith and fair dealing against Michael Cohen, Loren Cohen, MC Ruston, LLC, and Century Tacoma Building, LLC; and (7) judicial dissolution of Point Ruston, LLC "and some of its affiliates." Dkts. # 44 at 33–38, # 57 at 30–35 (¶¶ 5.1–5.38). All causes of action asserted in the underlying complaint were brought directly by TRL. Dkts. # 44 at 33–38, # 57 at 30–35 (¶¶ 5.1, 5.3, 5.8, 5.15, 5.22, 5.29, 5.35). Five of the seven causes of action are additionally asserted by JTI. Id. (third through seventh causes of action). Four of the causes of action are asserted directly and derivatively by TRL and JTI.[6] Dkts. # 44 at 34–38, # 57 at 31–

---

[5] Starr's motion refers to non-party Cascadia Law Group as a "member," Dkt. # 43 at 4, but the underlying complaint refers to this entity as merely retaining an economic interest, Dkts. # 44 at 16, # 57 at 13 (¶ 4.10). Defendants' original corporate disclosure statement identified Cascadia Law Group as an "owner, partner, or member" of Point Ruston, LLC. Dkt. # 30 at 2, ¶ B.1. Defendants amended their corporate disclosure statement to replace Cascadia Law Group PLLC with Environmental Assets – Point Ruston LLC. Dkt. # 32 at 2, ¶ B.1; Dkt. # 41 at 7.

[6] For the third, fifth, and sixth causes of action, TRL purports to act derivatively on behalf of Point Ruston, LLC, Century Condominiums, LLC, and Point Ruston Theatre, LLC, Dkts. # 44 at 34–38, # 57 at 31–35, whereas JTI purports to act derivatively on behalf of Point Ruston Phase II, LLC. Id. For the seventh cause of action, the underlying complaint does not specify the entities associated with the

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 3

35 (third, fifth, sixth, and seventh causes of action). The underlying plaintiffs requested various relief, including money damages, a judicial declaration interpreting the subject deeds of trust, the appointment of a receiver for Point Ruston, LLC and its affiliates, and their dissolution. Dkts. # 44 at 38–40, # 57 at 35–37 (¶¶ 6.1–6.3).

C. **Starr's Reservation of Rights and Declaratory Judgment Action**

On April 1, 2020, defendants notified Starr of the underlying action, and on April 20, 2020, Starr agreed to defend defendants subject to a reservation of rights. See id. at 149 (Starr acknowledging an April 1, 2020 email enclosing a copy of the underlying complaint). Starr nevertheless asserted that the "Insured vs. Insured" exclusion barred any defense obligation. See id. at 153 (citing Exclusion 3(i) of Starr's Policies). On June 9, 2020, Starr filed its complaint in the above-captioned matter, seeking to withdraw its defense and recover all defense costs it paid in connection with the underlying action. Dkt. # 1.

### III. DISCUSSION

A. **Legal Standard for Summary Judgment**

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party need not "produce evidence showing the absence of a genuine issue of material fact," but instead may discharge its burden under Rule 56 by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for

---

derivative part of the claim, other than to refer to "Point Ruston and certain of its affiliates." Dkts. # 44 at 38, # 57 at 35.

trial." Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001) (internal citation omitted). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citation omitted). On cross-motions for summary judgment, the Court evaluates the motions separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." ACLU v. City of Las Vegas, 333 F.3d 1092, 1097 (9th Cir. 2003) (internal citation omitted).

**B.    Determining Insurance Coverage**

"Determining whether coverage exists is a 2-step process. The insured must show the loss falls within the scope of the policy's insured losses. To avoid coverage, the insurer must then show the loss is excluded by specific policy language." McDonald v. State Farm Fire & Cas. Co., 119 Wn.2d 724, 731 (1992); see also Probuilders Specialty Ins. Co. v. Coaker, 145 F. Supp. 3d 1058, 1063 (W.D. Wash. 2015) ("The determination of whether coverage exists involves a burden-shifting framework. See [McDonald, 119 Wn.2d at 731]. The insured bears the initial burden to demonstrate that the loss falls within the scope of the policy's insured losses. If the insured makes that demonstration, the insurer can avoid coverage by showing that specific policy language excludes the loss.").

**C.    Interpreting Insurance Policies Under Washington Law**

The Court's "[i]nterpretation of insurance policies is a question of law, in which the policy is construed as a whole and each clause is given force and effect." Overton v. Consol. Ins. Co., 145 Wn.2d 417, 424 (2002).

> In Washington, insurance policies are construed as contracts. An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance. If the language is clear and unambiguous, the court must enforce it as written and may not modify or create an ambiguity where none exists. If the clause is ambiguous, however, extrinsic evidence of intent of the

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 5

parties may be relied upon to resolve the ambiguity. Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer in favor of the insured. A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.

Panorama Village Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 137 (2001) (internal citation and quotation marks omitted); see also Kut Suen Lui v. Essex Ins. Co., 185 Wn.2d 703, 710–11 (2016) (enforcing the plain language of an insurance policy).

**D.    The Scope of Starr's Policies**

Defendants argue that summary judgment should be granted in their favor because Starr does not dispute defendants' evidence showing that the loss falls within the scope of Starr's Policies, and Starr has failed to satisfy its summary judgment burden to show that coverage is excluded.

Starr's Policies provide the following coverage:

> A. The **Insurer** shall pay on behalf of any **Insured Person** the **Loss** arising from a **Claim** first made during the **Policy Period** (or Discovery Period, if applicable) against such **Insured Person** for any **Wrongful Act**, and reported to the **Insurer** in accordance with the terms of this policy, except if the **Company** has indemnified the **Insured Person** for such **Loss**.
> B. The **Insurer** shall pay on behalf of any **Company** the **Loss** arising from a **Claim** first made during the **Policy Period** (or Discovery Period, if applicable) against such **Insured Person** for any **Wrongful Act**, and reported to the **Insurer** in accordance with the terms of this policy, if the **Company** has indemnified the **Insured Person** for such **Loss**.
> C. The **Insurer** shall pay on behalf of the **Company** the **Loss** arising from a **Claim** first made during the **Policy Period** (or Discovery Period, if applicable) against the **Company** for any **Wrongful Act**, and reported to the **Insurer** in accordance with the terms of this policy.

Dkt. # 44 at 227. Defendants successfully establish that the loss falls within the scope of Starr's Policies by demonstrating the existence of: "(1) a Claim . . . first made during the Policy Period;

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 6

[(2)/](3) against a Company / Insured Person; (4) for any Wrongful Act; (5) reported to the Insurer in accordance with the terms of the Starr Policies." Dkt. # 48 at 9.[7]

**1.     The underlying action is a "Claim" first made during the "Policy Period."**

Starr's Policies define "Claim" to include any "judicial, administrative or regulatory proceeding, whether civil or criminal, for monetary, non-monetary or injunctive relief commenced against an **Insured**, including any appeal therefrom, which is commenced by [ ] service of a complaint or similar proceeding . . . ." Dkt. # 44 at 227. The underlying action is a "Claim" because it is a judicial proceeding for monetary and non-monetary relief.

As for the "Policy Period," Starr's Policies define this as "the period from the inception date shown in Item 2 of the Declarations to the earlier of the expiration date shown in Item 2 of the Declarations or the effective date of cancellation of this policy." Id. at 217. The underlying action was filed on March 11, 2020, id. at 46, after Policy No. 1000057881201 was incepted, and before it expired, id. at 211. Therefore, the underlying action is a "Claim" first made during the "Policy Period."

**2.     The "Claim" is against a "Company."**

Starr's Policies contain an endorsement amending the definition of "Company" to include the following:

- Century Condominiums, LLC;
- Century Tacoma Building LLC;
- M&J Real Estate Investment, LLC;
- MC Ruston, LLC;
- Point Ruston, LLC;
- Point Ruston Phase II – Building 18, LLC;
- Point Ruston Phase III, LLC;
- Point Ruston Theatre, LLC;
- PR Retail, LLC;
- Abernethy Road Group, LLC;
- McBride-Cohen Management Group, LLC; and
- McBride-Cohen Construction Payroll Services, LLC.

---

[7] Starr's Policies reflect that Starr is the "Insurer." Dkt. # 44 at 216.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 7

Dkt. # 44 at 248, 250. Because the foregoing are all defendants in the underlying action, the "Claim" is against a "Company" under Starr's Policies.

### 3. The "Claim" is against "Insured Persons."

Starr's Policies define "Insured Person" as "any: (1) **Executive**; (2) **Employee**; or (3) **Outside Entity Insured Person**." Dkt. # 44 at 229. Additionally, Starr's Polices define "Executive" in the following way:

> any: (1) past, present or future duly elected or appointed director, officer, trustee, governor, management committee **Member** or **Member** of the board of managers; (2) past, present or future person in a duly elected or appointed position in an entity which is organized and operated in a foreign jurisdiction that is equivalent to an executive position listed in item (1) above; or (3) past, present or future general counsel and risk manager (or equivalent position) of the **Company**.

Id. at 228. Michael Cohen and Loren Cohen were both named as defendants in the underlying action. Michael Cohen is the appointed manager and governor of Point Ruston, LLC, Point Ruston Phase II, LLC, and MC Ruston, LLC, and Loren Cohen is the appointed manager and governor of Century Condominiums, LLC, Point Ruston Phase II, LLC, Point Ruston Theatre, LLC, M&J Real Estate Investments, LLC, and McBride-Cohen Management Group, LLC. Dkt. # 49 at 2, ¶¶ 2–3. Thus, Michael and Loren Cohen are both "Executives," which means they are "Insured Persons." Therefore, the "Claim" is against "Insured Persons" under Starr's Policies.

### 4. The "Claim" is for a "Wrongful Act."

With respect to an "Insured Person," Starr's Policies define a "Wrongful Act" as "any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by an **Insured Person** in his or her capacity as such or any matter claimed against an **Insured Person** by reason of such capacity." Dkt. # 44 at 230–31. The claims in the underlying action are for a "Wrongful Act" because they allege that "Insured Persons" Michael Cohen and Loren Cohen breached their duty of good faith and fair dealing and breached their fiduciary obligations, among other things. Id. at 36–38, ¶¶ 5.22–5.34.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 8

**5.   The "Claim" was reported to Starr in accordance with the terms of Starr's Policies.**

Starr's Policies require the following with regard to reporting a "Claim":

> With respect to the Directors & Officers Liability Coverage Section, the **Insured**(s) shall, as a condition precedent to the obligations of the **Insurer** under this policy, give written notice to the **Insurer** pursuant to Clause 5, of a **Claim** made against an **Insured** as soon as practicable after the **Company**'s general counsel or risk manager (or individuals with equivalent responsibilities) becomes aware of the **Claim**; however, in no event shall such notice be provided later than sixty (60) days after the expiration of the **Policy Period** (or Discovery Period, if applicable).

Dkt. # 44 at 219. The underlying action was filed on March 11, 2020, id. at 46, and Starr was provided notice of it on April 1, 2020, id. at 149. Accordingly, the underlying action was reported to Starr in accordance with the terms of Starr's Policies.

**6.   Starr does not dispute the above.**

In responding to defendants' motion for partial summary judgment, Starr purported to reserve "its right to assert other defenses to coverage," Dkt. # 52 at 2 n.1, but the only defense it asserted pertained to the "Insured vs. Insured" exclusion. Starr's position is that "[t]he only facts material to the determination [of coverage] are the contents of the underlying pleadings and the policies, which are indisputable." Dkt. # 43 at 10; see Dkt. # 52 at 3 ("[T]here is no uncertainty or dispute regarding the predicate facts."). In other words, when offered the opportunity to dispute the facts defendants presented, Starr did not do so.

**E.   The "Insured vs. Insured" Exclusion**

Because defendants successfully bore their burden to demonstrate that the loss falls within the scope of Starr's Policies' insured losses, and because Starr seeks to avoid coverage, the burden shifts to Starr to show that "the loss is excluded by specific policy language." McDonald, 119 Wn.2d at 731. "Exclusions from coverage are strictly construed against the insurer because they are contrary to the protective purpose of insurance." Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc., 132 F. Supp. 3d 1275, 1286 (W.D. Wash. 2015) (citing Stuart v. Am. States Ins. Co., 134 Wn.2d 814, 818–19 (1998)). Starr claims that it has no duty to

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 9

defend or indemnify defendants because of the "Insured vs. Insured" exclusion,[8] which bars coverage for:

> any **Loss** in connection with any **Claim** . . . . *brought by or on behalf of any* **Insured**[;] *provided, however, that this exclusion shall not apply to . . . . a shareholder derivative action, but only if such action is brought and maintained without the solicitation, approval, assistance, active participation or intervention of any* **Insured**.

Dkt. # 44 at 231–32 (emphasis added). Starr has two arguments as to why the "Insured vs. Insured" exclusion should apply here: (1) Starr asserts that underlying plaintiff TRL is an "Insured"; and (2) Starr asserts that the underlying plaintiffs' claim is brought "on behalf of" an "Insured" because Ken Thomsen is President of JTI, a "principal" of TRL and JTI, and he is an "Insured,"[9] Dkt. # 43 at 12–13. Neither argument is persuasive.

### 1. TRL is not an "Insured."

Starr's first argument is premised on an unreasonable interpretation of Starr's Policies. Starr believes that a "Member" of any "Company" qualifies as an "Insured." Dkt. # 43 at 12. Per Starr's Policies, "Member" means "owner of a limited liability company represented by its membership interest, who may serve as a **Manager**."[10] Dkt. # 44 at 217. However, the definition of "Insured" does not include any "Member." "'**Insured**' means the **Company** and any **Insured Person**." Dkt. # 44 at 228. The definition of "Insured Person" includes any "Executive," and an "Executive" means any . . . past, present, or future duly elected or appointed director, officer, trustee, governor, *management committee* **Member** or **Member** *of the board of managers*." Id. at 228–29 (emphasis added). Starr contends that applying the phrases "management committee" and "board of managers" conflicts with the definition of "Member." Dkt. # 56 at 6. It does not.

---

[8] This exclusion is found at Section 3(i) of the "Directors & Officers Liability Coverage Section." Dkt. # 44 at 232.

[9] Starr takes the position that the "Insured vs. Insured" exclusion applies to the entire proceeding or none of it. Dkt. # 56 at 3 (asserting that "either the proceeding was 'brought by or on behalf of any Insured,' or it was not"). Starr does not argue that distinct causes of action should be excluded.

[10] "'Manager' means a person serving in a directorial capacity for a limited liability company." Dkt. # 44 at 217.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 10

The definition of "Executive" merely specifies what types of "Members" qualify as "Executives."

Starr also argues that applying these phrases renders the definitions of "Member" and "Manager" meaningless and superfluous. On the contrary, these definitions clarify that not all "Members" are "Managers." Admittedly, the capitalized and bolded term "Manager" does not appear elsewhere in Starr's Policies other than the definition of "Member," but this is not anomalous enough to justify Starr's preferred interpretation, which would unreasonably ignore the phrases "management committee" and "of the board of managers." See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Expedia, Inc., No. C19-0896RSL, 2020 WL 5893326, at *3–4 (W.D. Wash. Oct. 5, 2020) (rejecting insurance company's interpretation of policy exclusion which ignored the phrase "of an Insured's products or services"); Pacific West Securities, Inc. v. Illinois Union Ins. Co., No. C12–539RSM, 2012 WL 3763551, at *6 (W.D. Wash. Aug. 29, 2012) (finding that it would be an unreasonable interpretation to "essentially strike [an arbitration clause] from a contract"); Ohio Cas. Ins. Co. v. Chugach Support Servs., Inc., No. C10–5244RBL, 2011 WL 4712234, at *4 (W.D. Wash. Oct. 6, 2011) (insurance policy interpretations that ignore clear policy language are unreasonable). There is no ambiguity in the policy language.[11]

While TRL is a "Member" of various "Companies" (Century Condominiums, LLC, Point Ruston, LLC, and Point Ruston Theatre, LLC), Dkt. # 45 at 14, 28, 37, TRL is not a "management committee Member" or a "Member of the board of managers" because the Companies are manager-managed LLCs with Loren Cohen or Michael Cohen as the "sole

---

[11] Assuming, *arguendo*, that there was ambiguity, the Court would be bound to resolve it in favor of the insured defendants, particularly here, where the language is an exclusion from coverage. See Shotwell v. Transamerica Title Ins. Co., 91 Wn.2d 161, 167–68 (1978) ("Where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible of two constructions, the meaning and construction most favorable to the insured must be employed, even though the insurer may have intended otherwise . . . . This rule applies with added force in the case of exceptions and limitations to a policy's coverage."); Dickson v. U.S. Fid. & Guar. Co., 77 Wn.2d 785, 789 (1970) ("Exclusionary clauses in an insurance policy are to be construed most strongly against the company writing the policy, and in favor of the insured.").

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 11

Manager," Dkt. # 54 at 1–2, ¶¶ 2–4. Therefore, TRL is not an "Executive." Accordingly, TRL is not an "Insured Person" under Starr's Policies, nor does TRL otherwise qualify as an "Insured."[12]

### 2. JTI is not an "Insured," and neither TRL nor JTI brought the underlying action "on behalf of" an "Insured."

Starr concedes that JTI is not an "Insured," see Dkt. # 43 at 15 (asserting that "only one of the two underlying plaintiffs ([TRL]) is an "Insured"), but Starr contends that because JTI's President, Ken Thomsen, is an "Insured," and a "principal" of TRL and JTI,[13] that therefore, the claim is brought "on behalf" of an "Insured," Dkts. # 43 at 13, # 56 at 7. Ken Thomsen serves as the Vice President of non-party Torden Thomsen, Inc., and defendants concede that Ken Thomsen is an "Insured" because a "Vice President" is an "Executive," and Torden Thomsen, Inc. is a "Company" under Starr's Policies.[14] Dkts. # 53 at 9, # 58 at 5 n.3. Starr claims that the underlying action should be construed as being brought "on behalf of" an "Insured" because "[TRL] and JTI are going concerns expressly [sic] acting on behalf of their 'principals,' Ken Thomsen and his family." Dkt. # 56 at 8. None of the cases Starr cites, however, stand for the proposition that LLCs like TRL, or corporations like JTI, necessarily act "on behalf of" their principals or officers.[15]

---

[12] Starr does not argue that TRL would qualify as an insured "Company" under Starr's Policies, see Dkt. # 43 at 12–13, and Starr's Policies do not list TRL as a "Company," see Dkt. # 44 at 248, 250 (amending the definition of "Company" to include a list of specific entities).

[13] While the underlying complaint refers to Ken Thomsen as one of the "principals of JTI," it does not directly state that he is a principal of TRL. Dkts. # 44 at 8–40, # 57 at 5–37.

[14] Starr offers another basis for Ken Thomsen's status as an "Insured," which is that because he is a "Member" of KT&MC Developing, LLC, which is a "Company" under Starr's Policies, Dkts. # 44 at 248, # 45 at 20, that therefore Ken Thomsen is an "Executive," "Insured Person," and an "Insured," Dkt. # 43 at 13. The Court has rejected this interpretation of the policy language. See supra Part III.E.1.

[15] For example, Starr cites Progressive Cas. Ins. Co. v. F.D.I.C., 80 F. Supp. 3d 923, 948 (N.D. Iowa 2015), for its conclusion that the underlying plaintiffs' claim was brought on behalf of Ken Thomsen, Dkt. # 43 at 13, but this case merely held that "by or on behalf of" as used in the "Insured vs. Insured" exclusion means "on the part of[,] in the name of, as the agent or representative of, on account of, for, [or] instead of." It did not hold that LLCs or corporations act "on behalf of" their principals or officers. Notably, Progressive determined that the intent of the "Insured vs. Insured" exclusion "was to

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 12

The Merriam-Webster Dictionary currently defines the phrase "on behalf of someone" to mean "as a representative of someone" or "for the benefit of someone" or "because of someone." On Behalf of Someone, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/on%20behalf%20of%20someone (last visited Aug. 13, 2021); see also Madden v. Cowen & Co., 576 F.3d 957, 973 (9th Cir. 2009) (finding the common sense meaning of "on behalf of," according to Webster's Third New International Dictionary, was "in the interest of," "as a representative of," or "for the benefit of"). And Starr offers no evidence that TRL or JTI was acting on behalf of Ken Thomsen rather than on behalf of their own business interests.[16] Defendants correctly observe that the underlying complaint does not allege

---

preclude collusive suits by and among the Company and Insured Persons . . . to recover for mismanagement." Progressive Cas. Ins. Co., 80 F. Supp. 3d at 950. Progressive cited the Ninth Circuit's decision in Biltmore Associates, L.L.C. v. Twin City Fire Insurance Company, 572 F.3d 663, 668 (9th Cir. 2009), as an example of another case where a court determined that "Insured vs. Insured" exclusions were intended to preclude collusive suits and intracompany claims. Progressive Cas. Ins. Co., 80 F. Supp. 3d at 950. Starr contends that the instant matter is the sort of intracompany claim that their policies were intended to exclude, Dkt. # 56 at 4–5, but the Court does not agree. The underlying plaintiffs, TRL and JTI, are not "Insureds" under Starr's Policies, and this case is thus distinct from a situation where an insured company is seeking to force its insurer to pay for the poor business decisions of its officers or managers. While Ken Thomsen serves as an officer of JTI and is an "Insured," his "Insured" status is due to his role in *non-party* Torden Thomsen, Inc. Given that the underlying action does not include Torden Thomsen, Inc., that company is also not seeking to force its insurer to pay for the poor business decisions of its officers and managers.

[16] Starr points out that Ken Thomsen signed the verification on the underlying complaint, Dkt. # 57 at 38, but Ken Thomsen's service as an "authorized representative" of TRL means that he is acting on TRL's behalf, not that TRL is acting on *his* behalf, see MJC Supply, LLC v. Scottsdale Ins. Co., No. CV 18-01265 RSWL-SK, 2019 WL 2372279, at *7–8 (C.D. Cal. June 4, 2019) (describing it as an "inferential leap" to conclude that a complaint was filed at the direction of an insured based only on the fact that the insured was the chairwoman and CEO of the plaintiff).

As an aside, the effectiveness of Ken Thomsen's verification is somewhat questionable. One of the sentences in the verification statement is grammatically incomplete, as it states, "Based on knowledge of the facts and circumstances of these matters, I declare that the factual statements made in the Verified Second Amended Complaint [sic]." Dkt. # 57 at 38. Typically, one would expect the signatory to declare that the statements in question were true, see RCL Nw., Inc. v. Colorado Res., Inc., 72 Wn. App. 265, 271 (1993) (citing 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1827, at 50 n. 2 (1986) ("Verification is the confirmation of the correctness, truth or authenticity of the pleadings."), but the sentence ends without specifying what exactly the signatory was declaring about the statements made in the underlying complaint.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 13

that it was filed on Ken Thomsen's behalf. Dkt. # 53 at 9; see generally Dkts. # 44 at 8–40, # 57 at 5–37. Moreover, a basic principle of corporate law is that corporations are distinct legal entities from their shareholders and officers. See Grayson v. Nordic Constr. Co., 92 Wn.2d 548, 552 (1979) ("A corporation exists as an organization distinct from the personality of its shareholders."); State v. Chase, 1 Wn. App. 2d 799, (2017) ("[C]orporations and corporate officers acting in their personal capacities maintain distinct legal obligations and interests."). This principle applies to LLCs as well in that LLC members are treated as separate from the LLC entity. See Bravern Residential II, LLC v. State Dep't. of Revenue, 183 Wn. App. 769, 779 (2014) (relying upon the "well established legal principle that a business entity is a distinct, separate 'person' from its owners"). The mere fact that an officer or "principal" of a corporation or an LLC has the potential to benefit from the business entity's action does not mean that the entity undertook the action "on behalf of" an individual with this type of generalized interest. The Court finds that Starr has not met its burden to show that the loss is excluded by the "Insured vs. Insured" exclusion.[17] Consequently, the Court finds that Starr has a duty to defend and indemnify defendants in connection with the underlying action, and Starr is not entitled to reimbursement of defense costs.

## IV. CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT,

(1) Starr's "Motion for Summary Judgment" (Dkt. # 43) is DENIED.

(2) Defendants' "Motion for Partial Summary Judgment" (Dkt. # 48) is GRANTED. The Clerk of Court is directed to enter judgment for defendants and against plaintiff.

---

[17] It is unnecessary for the Court to analyze the "derivative action" exception to the "Insured vs. Insured" exclusion where Starr has failed to demonstrate that this exclusion applies in the first place.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 14

1   DATED this 17th day of August, 2021.

            *Robert S. Lasnik* (signature)
            Robert S. Lasnik
            United States District Judge

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 15