UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STARR INDEMNITY & LIABILITY COMPANY,

Plaintiff,

v.

POINT RUSTON, LLC, *et al.*,

Defendants.

Case No. C20-5539-RSL

ORDER GRANTING STAY

This matter comes before the Court on plaintiff Starr Indemnity & Liability Company's "Motion for Stay or Alternatively, for More Time to Respond to Defendants' Motion for Summary Judgment" (Dkt. # 86). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

Plaintiff filed this action seeking a judicial declaration that plaintiff had no duty to defend or indemnify defendants with respect to claims regarding defendants' management of the Point Ruston real estate project asserted in the state court action Thomsen Ruston LLC v. Point Ruston LLC, Pierce County Superior Court, Civil Case No. 20-2-05437-8 (the "Underlying Action"). On August 17, 2021, the Court granted summary judgment in favor of defendants, finding that "[plaintiff] has a duty to defend and indemnify defendants in connection with the underlying action, and [plaintiff] is not entitled to reimbursement of defense costs." Dkt. # 62 at 14. On June 1, 2022, the Ninth Circuit issued a memorandum disposition affirming the Court's ruling that plaintiff has a duty to defend, reversing the Court's ruling that plaintiff has a duty to indemnify on the ground that the Court ruled on the issue *sua sponte* without giving plaintiff

reasonable notice to develop the facts to oppose this portion of the summary judgment order, and vacating the Court's denial of costs. See Dkt. # 76 (memorandum disposition); see also Dkt. # 77 (mandate). On June 30, 2022, defendants filed a motion for summary judgment asking the Court to find that plaintiff has a duty to indemnify defendants in connection with a stipulated judgment entered into in the Underlying Action (the "Stipulated Judgment"). See Dkt. # 78. As of the date of the parties' memoranda, an appeal regarding the Stipulated Judgment was pending before the Court of Appeals of the State of Washington, Division II, in Case No. 560275.

Plaintiff moves the Court for a stay primarily on the ground that the upcoming Washington Court of Appeals' ruling in the Underlying Action may impact its duty to indemnify. See Dkt. # 86 at 8-9. Defendants argue that the Washington Court of Appeals' ruling in the Underlying Action will have no effect on the contractual coverage issues that remain to be decided in this case.[1] See Dkt. # 88 at 4, 13-14.

As part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," the Court has the power to stay litigation pending resolution of related proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Defendant, as the proponent of the stay, bears the burden of establishing its need. Clinton v. Jones, 520 U.S. 681, 708 (1997). In deciding whether to grant a stay, the Court weighs the following competing interests: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) the stay's potential to simplify or complicate "issues, proof, and questions of law." CMAX v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

[1] The Court notes that defendants' motion for summary judgment is focused on plaintiff's duty to indemnify them for the Stipulated Judgment, which is under review by the Washington Court of Appeals. See Dkt. # 78 at 12-13. "[T]he duty to defend is triggered if the insurance policy conceivably covers the allegations in the complaint, whereas the duty to indemnify exists only if the policy actually covers the insured's liability." Woo v. Fireman's Fund Ins. Co., 161 Wn.2d 43, 53 (2007). It is conceivable that the Washington Court of Appeals' ruling could impact plaintiff's duty to indemnify defendants for the Stipulated Judgment even though plaintiff's duty to defend in the Underlying Action has already been established. The Court, however, need not resolve that question here.

Considering the totality of the circumstances, the Court finds that a stay is appropriate.[2] Regarding the first factor, plaintiff argues that a stay could not prejudice defendants because plaintiff has already paid the within-limits portion of the Stipulated Judgment and could not be made to pay the "above-limits portion" absent liability on the insurance bad faith claims asserted in related case PC Collections, LLC v. Starr Indemnity & Liability Company, U.S. District Court for the Western District of Washington, Case No. C21-5754-RSL. See Dkt. # 86 at 9. Defendants respond that a stay would prejudice them because plaintiff "is apparently now seeking repayment of $5 million *with prejudgment interest*," and that plaintiff misrepresents the import of the PC Collections action.[3] Dkt. # 88 at 11 n.8, 12 (emphasis in original). Plaintiff replies that it seeks repayment of only the portion of the $5 million policy limit that was paid towards the satisfaction of the Stipulated Judgment – $3,581,451.34 – and that if the Washington Court of Appeals vacates the Stipulated Judgment, plaintiff will be entitled to reimbursement in that forum. See Dkt. # 90 at 4. A delay that increases the amount of prejudgment interest may be prejudicial to defendants. However, because the possibility that defendants may be required to pay prejudgment interest is intertwined with the progress of the Underlying Action (and may be addressed in that forum), the Court finds that this factor does not negate the propriety of a stay.

Regarding the second factor, plaintiff argues that requiring it to go forward now could lead to judicial inefficiencies, as any ruling that plaintiff has a duty to indemnify the Stipulated Judgment would be inconsequential if the Washington Court of Appeals later vacates the Stipulated Judgment. See Dkt. # 86 at 9. Defendants respond that plaintiff's motion for a stay is a dilatory tactic, and that vacating the Stipulated Judgment would not negate a coverage judgment. See Dkt. # 88 at 13-14. Plaintiff replies that under Washington law, a duty to indemnify does not exist in the abstract, but rather applies to a settlement or judgment, and that

---

[2] Because the Court grants plaintiff's motion for a stay, the Court does not consider plaintiff's alternative motion for more time to respond to defendants' motion for summary judgment.

[3] The Court need not resolve here whether plaintiff misstates the relationship between this action and the PC Collections action because plaintiff is not moving the Court to stay this action pending resolution of the PC Collections action.

the only settlement or judgment at issue is the Stipulated Judgment.  See Dkt. # 90 at 3-4 (citing Osborne Constr. Co. v Zurich Am. Ins. Co., 356 F. Supp. 3d 1085, 1091 (W.D. Wash. 2018)).  The Court finds that this factor weighs in favor of plaintiff.  Plaintiff is correct that, unlike the duty to defend, the duty to indemnify "exists only if the policy actually covers the insured's liability." Woo, 161 Wn.2d at 53.  It is logical that ruling on the duty to indemnify be postponed until the existence of this liability is confirmed.

Regarding the third factor, plaintiff argues that a stay would simplify the issues because the Washington Court of Appeals' ruling may render the coverage issues moot if that court vacates the Stipulated Judgment or, alternatively, may define or clarify the issues via its reasons for upholding the Stipulated Judgment.  See Dkt. # 86 at 8-9.  Defendants respond that the Washington Court of Appeals ruling cannot transform the "nature and scope" of the Stipulated Judgment because that court is restrained to reviewing the state trial court's factual finding that the Stipulated Judgment is reasonable pursuant to RCW 4.22.060.  See Dkt. # 88 at 14.  Defendants, however, do not dispute that the Washington Court of Appeals has the power to vacate the Stipulated Judgment.  Cf. Wright v. 3M Co., 20 Wn. App. 2d 1028 (2021) (vacating judgment and remanding for new reasonableness hearing).  Given that the Stipulated Judgment is the only judgment at issue, allowing the Washington courts to first determine if the judgment will stand has the potential to simplify the issues.  The Court therefore finds that this factor weighs in favor of a stay.

For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to stay proceedings (Dkt. # 86) is GRANTED.  This matter is STAYED in its entirety pending the resolution of the Underlying Action, *except* that defendants' renewed motion for attorney's fees (Dkt. # 92) may proceed as noted.  The deadlines pertaining to defendants' motion for summary judgment (Dkt. # 78) are STRICKEN, and plaintiff shall be given an opportunity to respond upon the lifting of the stay.  The Clerk of Court is directed to enter a statistical termination in this case.  Such termination is entered solely for the purpose of removing this case from the Court's active calendar.  The parties shall, within ten days of the resolution of the Underlying

Action, submit a Joint Status Report setting forth the parties' recommendations for a new trial date and other scheduling deadlines.

DATED this 22nd day of August, 2022.

Robert S. Lasnik
United States District Judge