UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POINT RUSTON LLC, *et al.*,<br><br>Defendants. | Case No. C20-5539-RSL<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR <u>OLYMPIC STEAMSHIP</u> FEES |

This matter comes before the Court on defendants' Renewed Motion for <u>Olympic Steamship</u> Fees (Dkt. # 92). The motion is unopposed. <u>See</u> Local Rules W.D. Wash. 7(b)(2) (explaining "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit").

Under Washington law, "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action[ ] to obtain the full benefit of his insurance contract . . . ." <u>Olympic Steamship Co., Inc. v. Centennial Ins. Co.</u>, 117 Wn.2d 37, 53 (1991). Plaintiff filed this action seeking a judicial declaration that plaintiff had no duty to defend or indemnify defendants with respect to claims regarding defendants' management of the Point Ruston real estate project asserted in the state court action <u>Thomsen Ruston LLC v. Point Ruston LLC</u>, Pierce County Superior Court, Civil Case No. 20-2-05437-8. This Court found plaintiff has a duty to defend defendants in the underlying action, (Dkt. # 62), a conclusion that was affirmed by the Ninth Circuit (Dkt. # 76). Accordingly, defendants are entitled to an award of attorney fees pursuant to <u>Olympic Steamship</u> with regard to Starr's duty to defend.

ORDER GRANTING DEFENDANT'S RENEWED
MOTION FOR OLYMPIC STEAMSHIP FEES - 1

An <u>Olympic Steamship</u> award is an equitable remedy designed to ensure that the insured gets the full benefit of its contract. <u>Panorama Village Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.</u>, 144 Wn.2d 130, 143-44 (2001). The intent to make the insured whole is clear. See <u>Leingang v. Pierce County Med. Bureau, Inc.</u>, 131 Wn.2d 133, 149 (1997) (citing <u>McGreevy v. Oregon Mutual Ins. Co., 128 Wn.2d 26</u>, 40 (1995)). Thus, this fee award should include "all of the expenses necessary to establish coverage." <u>Panorama Village</u>, 144 Wn.2d at 144. Here, defendants have limited their request to the attorney fees incurred in connection with Starr's duty to defend, plus the fees incurred in connection with this motion. Dkt. # 92 at 2 (citing <u>Fisher Properties Inc. v. Arden-Mayfair, Inc.</u>, 115 Wn.2d 364, 378 (1990) (explaining the "general rule" that "time spent on establishing entitlement to, and amount of, a court awarded attorney fee is compensable where the fee shifts to the opponent under fee shifting statutes")).

While <u>Olympic Steamship</u> itself does not require that equitable fee awards be "reasonable," <u>Eagle W. Ins. Co. v. SAT, 2400, LLC</u>, No. C15-1098-RSL, 2017 WL 6033158 (W.D. Wash. Jan. 12, 2017), the Washington Supreme Court has interpreted <u>Olympic Steamship</u> as providing for an award of "reasonable attorney fees." See <u>Panorama Village</u>, 144 Wn.2d at 144. After reviewing the instant motion and related materials, as well as defendant's initial motion for attorney's fees (Dkt. # 68) and materials related to that motion, the Court finds that the hours incurred and rates applied ($550 and $570 per hour) are reasonable.

For all of the foregoing reasons, IT IS HEREBY ORDERED THAT defendants' motion for attorney's fees (Dkt. # 92) is GRANTED. Starr Indemnity & Liability Company shall, within twenty days of the date of this order, pay to defendants attorney's fees in the amount of $57,485.[1]

---

[1] This figure represents defendant's lodestar calculation ($55,164.50) plus fees incurred in connection with this motion ($2,320.50).

ORDER GRANTING DEFENDANT'S RENEWED
MOTION FOR OLYMPIC STEAMSHIP FEES - 2

DATED this 21st day of November, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S RENEWED
MOTION FOR OLYMPIC STEAMSHIP FEES - 3